**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **JASON LEOPOLD,**<br>**BLOOMBERG L.P.,**<br><br>**Plaintiffs**,<br><br>v.<br><br>**IMMIGRATION AND CUSTOMS ENFORCEMENT,**<br>Office of the Principal Legal Advisor<br>500 12th Street, SW, Mailstop 5900<br>Washington, DC 20536<br><br>**U.S. DEPARTMENT OF HOMELAND SECURITY,**<br>Office of the General Counsel MS0485<br>2707 Martin Luther King Jr. Ave SE<br>Washington, D.C. 20528<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**<u>COMPLAINT</u>**

1. Plaintiffs JASON LEOPOLD and BLOOMBERG L.P. bring this suit to compel Defendants IMMIGRATION AND CUSTOMS ENFORCEMENT and U.S. DEPARTMENT OF HOMELAND SECURITY to discharge their obligations under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), including by conducting a reasonable search, issuing a determination, and producing records regarding threats and inappropriate communications leveled against ICE agents who have been tasked with enforcing immigration policies in the United States.

**PARTIES**

2. Plaintiff JASON LEOPOLD is an investigative reporter at Bloomberg News and is one of the FOIA requesters in this case.

3. Plaintiff BLOOMBERG L.P. is the owner and operator of Bloomberg News. Bloomberg's newsroom of more than 2,700 journalists and analysts delivers thousands of stories a day, producing content that is featured across multiple platforms, including digital, TV, radio, streaming video, print, and live events. BLOOMBERG L.P. is headquartered in this judicial district and is one of the FOIA requesters in this case.

4. Defendant IMMIGRATION AND CUSTOMS ENFORCEMENT ("ICE") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

5. Defendant U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552. DHS is the parent agency of ICE.

**JURISDICTION AND VENUE**

6. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

7. Venue is premised on place of business and is proper under 5 U.S.C. § 552(a)(4)(B).

**JANUARY 28, 2026 FOIA REQUEST TO ICE**

8. On January 28, 2026, Plaintiffs submitted a FOIA request to ICE seeking the following records:

> I request disclosure from Immigration and Customs Enforcement the following records:
>
> 1. The contents of all written threats, transcripts of audio related threats and inappropriate communications leveled against ICE agents who have been tasked with enforcing immigration policies in the United States that includes arrests and detainment aliens. The records should include any emails, audio recordings, photographs, text messages, social media posting collected by or shared with ICE referencing the threats to ICE agents. Please be sure the records contain the geographic location of the threat and the geographic location of where it was directed.

> 2. Final reports of investigation into these threats, copies of criminal referrals and any final action taken.
>
> 3. A spreadsheet or dataset summarizing the threats leveled against ICE agents. I request that the dataset or spreadsheet be provided to me in its original format.
>
> 4. Emails, letters, directives, intelligence bulletins and intelligence assessments ICE exchanged with Secret Service, Department of Homeland Security, Federal Protective Service, FBI and local and state police referencing threats to ICE agents.
>
> On Jan. 26, 2026, the Department of Homeland Security issued a press release, which states, in part: The Department of Homeland Security (DHS) released a threatening voicemail left for an Immigration and Customs Enforcement (ICE) officer in Minnesota on January 24. Our law enforcement officers are now facing an 8,000% increase in death threats against them and a more than 1,300% increase in assaults against them while they put their lives on the line to remove murderers, pedophiles, rapists, gang members, and terrorists from American neighborhoods. The press release included a statement from Assistant Secretary Tricia McLaughlin that said, "Our ICE law enforcement officers are now facing an 8,000% increase in death threats against them and a more than 1,300% increase in assaults against them while they risk their lives every single day to remove murderers, pedophiles, rapists, terrorists, and gang members from American neighborhoods. Make no mistake, threatening rhetoric and this unprecedented violence against our law enforcement is incited by sanctuary politicians through their repeated vilification and demonization of law enforcement. Comparing ICE day-in and day-out to the Nazi Gestapo, the Secret Police, and slave patrols has consequences. The men and women of ICE are fathers and mothers, sons and daughters. They get up every morning to try and make our communities safer. Like everyone else, we just want to go home to our families at night. The violence and dehumanization of these men and women who are simply enforcing the law must stop."
>
> The timeframe for this request is August 1, 2026 through the date the search for responsive records is conducted.

9. A true and correct copy of the FOIA request is attached as Exhibit 1.

10. On January 28, 2026, Plaintiffs submitted a correction to the request, clarifying the timeframe for the request is August 1, 2025 through the date the search for responsive records is conducted, and not August 1, 2026.

11. A true and correct copy of the request clarification is attached as Exhibit 2.

12. Seen on the Secure Release Portal, Plaintiffs' request was placed on the "simple" processing track. Ex. 1.

13. On June 23, 2026, ICE acknowledged receipt of the FOIA request, assigned reference number 2026-ICFO-14572 to the matter and sought a ten-day extension to respond to the request due to the increasing number of FOIA requests received by ICE's office. In this acknowledgment ICE quoted the request with the corrected timeframe.

14. A true and correct copy of the acknowledgement letter is attached as Exhibit 3.

15. In its acknowledgement letter, ICE erroneously described Plaintiffs' request as seeking expedited treatment—which it did not—and then denied the (imagined) request for expedited treatment. *See id* and Ex. 1 (indicating Expedited Processing is "Not Requested").

16. On July 16, 2026, Plaintiffs sought an estimated date of completion and inquired about the status of the request, including whether the search for records had been completed, how many pages were located in response to the search, and whether an analyst had been assigned for review.

17. A true and correct copy of the correspondence is attached as Exhibit 4.

18. On July 29, 2026, ICE stated that it considered the request under both the FOIA and the Privacy Act because "[i]nformation about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act." ICE then stated no responsive records were found because the request sought "records for a timeframe that is in the future," referring to the August 1, 2026 date. ICE took this position despite the fact that Plaintiffs successfully corrected the timeframe (see Ex. 2), and ICE had already adopted the corrected date,

acknowledging on June 23, 2026 that the timeframe of the request was "from August 1, 2025 to the date of the search." Ex. 3.

19. A true and correct copy of the denial letter is attached as Exhibit 5.

20. On July 29, 2026, Plaintiffs administratively appealed ICE's determination, raising several arguments. Among them, Plaintiffs noted that they had corrected the request timeframe on the same day of submission. The appeal also stated that subsection (t) of the Privacy Act and FOIA provide independent and complementary avenues of access, so ICE cannot satisfy its obligations under FOIA by noting that responsive records may reside in a Privacy Act system of records. Plaintiffs further asserted that ICE had not conducted a search reasonably calculated to uncover all responsive records.

21. A true and correct copy of the administrative appeal is attached as Exhibit 6.

22. On July 31, 2026, ICE acknowledged receipt of the appeal and assigned it reference number 2026-ICAP-00567.

23. A true and correct copy of the acknowledgment response is attached as Exhibit 7.

24. On August 26, 2026, ICE remanded the appeal to the ICE FOIA Office for "processing and re-tasking to the appropriate agency/office(s) to obtain any responsive documents."

25. A true and correct copy of the correspondence is attached as Exhibit 8.

26. On September 3, 2026, Plaintiffs sent a follow-up message to ICE seeking an estimated date of completion and inquiring about the status of the request, including whether the search was completed and whether an analyst had been assigned for review. Plaintiffs requested ICE to respond by the end of business on September 4, 2026.

27. A true and correct copy of the correspondence is attached as Exhibit 9.

28. ICE did not respond to Plaintiffs' request for an estimate date of completion.

29. ICE did not send any further correspondence to Plaintiffs regarding this request.

30. As of the date of this filing, ICE has not issued a determination on Plaintiffs' request.

31. As of the date of this filing, ICE has failed to make any responsive records promptly available to Plaintiffs.

**JANUARY 28, 2026 FOIA REQUEST TO DHS**

32. On January 28, 2026, Plaintiffs submitted a FOIA request to DHS seeking the following records:

> I request disclosure from the Department of Homeland Security Offices of the Secretary, Deputy Secretary and Public Affairs the following records:
>
> On Jan. 26, 2026, the Department of Homeland Security issued a press release, which states, in part: The Department of Homeland Security (DHS) released a threatening voicemail left for an Immigration and Customs Enforcement (ICE) officer in Minnesota on January 24. Our law enforcement officers are now facing an 8,000% increase in death threats against them and a more than 1,300% increase in assaults against them while they put their lives on the line to remove murderers, pedophiles, rapists, gang members, and terrorists from American neighborhoods. The press release included a statement from Assistant Secretary Tricia McLaughlin that said, "Our ICE law enforcement officers are now facing an 8,000%increase in death threats against them and a more than 1,300% increase in assaults against them while they risk their lives every single day to remove murderers, pedophiles, rapists, terrorists, and gang members from American neighborhoods. Make no mistake, threatening rhetoric and this unprecedented violence against our law enforcement is incited by sanctuary politicians through their repeated vilification and demonization of law enforcement. Comparing ICE day-in and day-out to the Nazi Gestapo, the Secret Police, and slave patrols has consequences. The men and women of ICE are fathers and mothers, sons and daughters. They get up every morning to try and make our communities safer. Like everyone else, we just want to go home to our families at night. The violence and dehumanization of these men and women who are simply enforcing the law must stop."
>
> Thereby, I request the following records:

> 1. The contents of all written threats, transcripts of audio-related threats and inappropriate communications leveled against ICE agents who have been tasked with enforcing immigration policies in the United States that includes arrests and detainment aliens. The records should include any emails, audio recordings, photographs, text messages, social media posting collected by or shared with ICE referencing the threats to ICE agents. Please be sure the records contain the geographic location of the threat and the geographic location of where it was directed.
>
> 2. Final reports of investigation into these threats, copies of criminal referrals and any final action taken.
>
> 3. A spreadsheet or dataset summarizing the threats leveled against ICE agents. I request that the dataset or spreadsheet be provided to me in its original format.
>
> 4. Emails, letters, directives, intelligence bulletins and intelligence assessments ICE exchanged with Secret Service, Department of Homeland Security, Federal Protective Service, FBI and local and state police referencing threats to ICE agents.
>
> The timeframe for this request is January 1, 2025 through the date the search for responsive records is conducted.

33. A true and correct copy of the FOIA request is attached as Exhibit 10.

34. Seen on the Secure Release Portal, Plaintiffs' request was placed on the "simple" processing track. *Id*.

35. On April 30, 2026, DHS acknowledged receipt of the FOIA request, assigning reference number 2026-HQFO-01678 to the matter. DHS further wrote that it had determined "this is a matter under the purview of the U.S. Immigration & Customs Enforcement," and therefore it transferred the request to the FOIA Officer for processing and direct response to Plaintiffs.

36. A true and correct copy of the acknowledgement letter is attached as Exhibit 11.

37. On June 3, 2026, Plaintiffs appealed the decision by the DHS Privacy Office to refer their request to Immigration and Customs Enforcement stating they had already submitted a

separate request to ICE and they would like DHS to also search for responsive records and reopen their request.

38. A true and correct copy of the appeal is attached as Exhibit 12.

39. On June 25, 2026, DHS acknowledged receipt of the appeal and assigned reference number 2026-HQAP-00084 to the appeal.

40. A true and correct copy of the appeal acknowledgement letter is attached as Exhibit 13.

41. On July 16, 2026, Plaintiff sought an estimated date of completion for the appeal as well as the request and inquired about the status of the request, including whether the search for records had been completed, how many pages were located in response to the search, and whether an analyst had been assigned for review.

42. A true and correct copy of the correspondence is attached as Exhibit 14.

43. DHS did not send any further correspondence to Plaintiffs regarding this request or appeal.

44. As of the date of this filing, DHS has not issued a determination on Plaintiffs' request or appeal.

45. As of the date of this filing, DHS has failed to make any responsive records promptly available to Plaintiffs.

**COUNT I – ICE'S FOIA VIOLATION**
**JANUARY 28, 2026 REQUEST TO ICE**

46. Paragraphs 1-45 are incorporated by reference.

47. Plaintiffs' FOIA request seeks the disclosure of agency records and was properly made.

48. Defendant ICE is a federal agency subject to FOIA.

49. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

50. Defendant ICE has failed to conduct a reasonable search for records responsive to the request.

51. Defendant ICE has failed to issue a determination within the statutory deadline.

52. Defendant ICE has failed to produce all non-exempt records responsive to the request.

**COUNT II – DHS' FOIA VIOLATION**
**JANUARY 28, 2026 REQUEST TO DHS**

53. Paragraphs 1-45 are incorporated by reference.

54. Plaintiffs' FOIA request seeks the disclosure of agency records and was properly made.

55. Defendant DHS is a federal agency subject to FOIA.

56. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

57. Defendant DHS has failed to conduct a reasonable search for records responsive to the request.

58. Defendant DHS has failed to issue a determination within the statutory deadline.

59. Defendant DHS has failed to produce all non-exempt records responsive to the request.

**WHEREFORE**, Plaintiffs ask the Court to:

i. declare that Defendants have violated FOIA;

ii. order Defendants to conduct a reasonable search for records and to produce the requested records promptly;

iii. enjoin Defendants from withholding non-exempt public records under FOIA;

iv. award Plaintiffs attorneys' fees and costs; and

v. award such other relief the Court considers appropriate.

Dated: September 17, 2026

RESPECTFULLY SUBMITTED,

*/s/ Stephen Stich Match*

Attorneys for Plaintiffs
JASON LEOPOLD,
BLOOMBERG L.P.

Matthew Topic (*pro hac vice* forthcoming)
Merrick Wayne (*pro hac vice* forthcoming)
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com

Stephen Stich Match (5567854)
LOEVY & LOEVY
222 Sutter Street, Suite 600A
San Francisco, CA 94108
(312) 243-5900
foia@loevy.com